PEOPLE v HESS

Docket No. 67444. Submitted December 8, 1983, at Detroit.—Decided April 4, 1984.

Virgil Hess was convicted by a jury in Wayne Circuit Court of breaking and entering a warehouse with the intent to commit larceny and of assault with intent to commit murder and was sentenced, Charles Kaufman, J. Defendant appeals. *Held:*

The prosecutor's reference to a codefendant's confession, testimony, and prior conviction in the joint closing argument constituted error. Defendant and his codefendant had a bifurcated trial to eliminate the possibility of prejudice arising from the fact that the two defendants lived together, were fired from the same job, and that the codefendant was a convicted felon and had confessed to the crime charged against him. The joint closing argument to the two juries involved totally undermined the effect of the bifurcated trial.

Reversed and remanded for a new trial.

CRIMINAL LAW — MULTIPLE DEFENDANTS — MULTIPLE JURIES — BIFURCATED TRIAL — JOINT CLOSING ARGUMENT.

Error requiring reversal occurred where a prosecutor in a bifurcated trial involving two defendants and two juries made a joint, overlapping closing argument to the two juries revealing prejudicial information the disclosure of which the bifurcated trial was intended to prevent.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Suzanne C. Schuelke,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 7-10, 17 *et seq.*

Before: Beasley, P.J., and V. J. Brennan and
R. A. Benson,* JJ.

Per Curiam. Defendant, Virgil Hess, and his
codefendant, Douglas Roy Schrotenboer, were
charged with breaking and entering a warehouse
with the intent to commit larceny, MCL 750.110;
MSA 28.305. Hess was also charged with assault
with intent to commit murder, MCL 750.83; MSA
28.278. In June of 1982, defendants were tried
before two juries in a bifurcated trial. Hess was
convicted as charged and sentenced to 5 to 10
years for the breaking and entering conviction and
10 to 20 years for the assault conviction, the
sentences to run concurrently. Schrotenboer was
convicted of a lesser offense of attempted breaking
and entering a building with the intent to commit
larceny and was sentenced to three to five years in
prison. Both defendants appeal as of right. This
opinion deals only with defendant Hess's appeal.

Defendant Hess raises several issues on appeal.
Because we find merit to one of his arguments
which mandates reversal and a remand for retrial,
we will not, in this opinion, address the other
issues raised by defendant. However, our review of
the record reveals that the remaining allegations
of error raised by defendant will not arise upon
defendant's retrial.

We agree with defendant's claim that the prose-
cution's reference to codefendant Schrotenboer's
confession, testimony, and prior conviction in the
joint closing argument constituted error. During
closing argument, the prosecutor alternately ad-
dressed each defendant's jury.

Defendant Schrotenboer's confession and prior
conviction were not introduced at the Hess trial.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Even though the prosecutor addressed each jury, he did *overlap* arguments. Prefacing portions of his argument with the name of each jury did not prevent both juries from hearing the *entire* argument. Words such as "confession" and "prior conviction" would certainly pique any juror's interest. Even though the contents of the Schrotenboer confession were not revealed, the Hess jury could infer that, since both defendants were on trial, both defendants were implicated. There was a distinct possibility that the Hess jury, knowing that both defendants lived together, were fired from the same job, and that defendant Schrotenboer was a convicted felon and had confessed, would find Hess guilty by association.

The sole purpose of the bifurcated trial was to eliminate prejudice. However, the joint closing argument totally undermined the effect of the bifurcated trials in defendant Hess's case. In our opinion, the joint closing argument prejudiced defendant Hess and a cautionary instruction to the jury would not have eliminated this prejudice.

Reversed and remanded for a new trial.